IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TROY BERNARD STOKER JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | No. 4:19-CV-634-Y |
| | § | |
| Director, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Troy Bernard Stoker Jr., a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against the director of TDCJ, Respondent. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time barred.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On October 14, 2010, a jury in Tarrant County, Texas, Case No. 1183695D, found Petitioner guilty of aggravated sexual assault of a child younger than 14 years of age, Petitioner pleaded true to the special issue alleged in the indictment, and the jury assessed his punishment at 40 years' imprisonment. (Clerk's R. 209, 220, 224, doc. 12-1.) Petitioner appealed, but the appellate court affirmed the trial court's judgment of conviction and, after being granted permission to file an out-of-time petition for

discretionary review (PDR), the Texas Court of Criminal Appeals refused his PDR on February 11, 2015. (Electronic R., doc. 12-16.) Petitioner did not seek state habeas-corpus review before filing this federal habeas petition challenging his conviction on August 8, 2019.[1] (Pet. 10, doc. 1.) In four grounds for relief, Petitioner asserts the following claims, verbatim:

  (1)  Witness falisfied [sic] testimony;
  (2)  Only 11 jurors;
  (3)  Victim was coached; and
  (4)  No medical evidence.

(Pet. 6-7, doc. 1.)

Respondent asserts that the petition should be dismissed as time barred under the federal statute of limitations. (Resp't's Preliminary Answer 4-7, doc. 11.)

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on state prisoners seeking federal habeas relief. See 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

---

[1] Petitioner's federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

>    review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable in this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. Therefore, Petitioner's judgment of conviction became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on May 12, 2015. Accordingly, the statute of limitations began to run the following day and closed one year later on May 12, 2016, absent any tolling. *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); Sᴜᴘ. Cᴛ. R. 13.

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner did not file a state habeas application challenging his conviction, therefore the statutory-tolling provision in § 2244(d)(2) is not applicable. Accordingly, absent tolling as a matter of equity, Petitioner's petition filed on August 8, 2019, is untimely.

For equitable tolling to apply, a petitioner must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented him from filing a timely petition or he can make a "convincing showing" that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). Petitioner makes no such showing. He provides no explanation for his years-long delay other than to assert that he was "getting resources, pending trial transcript has been withheld via prosecution due to minor being involved." (Pet. 9, ECF No. 1.) Difficulty obtaining state-court records however is a common problem for inmates seeking post-conviction relief. *See Thomas v. Davis,* No. 4:17-CV-119-Y, 2018 WL 1305607, at *2 (N.D. Tex. Mar. 13, 2018). His lengthy delay further mitigates against equitable tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999). Nor does he allege--much less present--new reliable evidence, that he is actually innocent of the offense for which he was convicted.

4

Petitioner fails to establish that an extraordinary factor beyond his control prevented him from filing a timely federal petition or to present a credible claim of actual innocence. Therefore, equitable tolling is not justified.

In summary, absent any applicable tolling, Petitioner's federal petition was due on or before May 12, 2016. His petition filed on August 8, 2019, is therefore untimely.

For the reasons discussed, the Court DISMISSES as time barred Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a

5

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack*, 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

    SIGNED April 22, 2020.

                                        TERRY R. MEANS
                                        UNITED STATES DISTRICT JUDGE